UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN TALLEY, individually and on behalf of the proposed class,<br><br>Plaintiff,<br><br>v.<br><br>RARE BEAUTY LLC; DOE LICENSEES 1-5, inclusive,<br><br>Defendants. | No. 2:25-cv-2749<br><br>NOTICE OF REMOVAL |

**TO: THE CLERK OF COURT FOR THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

**AND: PLAINTIFF AND HER ATTORNEYS OF RECORD**

Defendant Rare Beauty LLC ("Rare Beauty") hereby provides notice of the removal of the above-captioned action from the Superior Court of the State of Washington in and for King County to the U.S. District court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332, 1446, and 1453. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I. PROCEDURAL BACKGROUND

1. On November 14, 2025, Plaintiff Kathleen Talley filed a putative class action complaint in the Superior Court of Washington, King County, captioned *Kathleen Talley v. Rare Beauty LLC et al.*, No, 25-2-34184-4 SEA. A true and correct copy of the Complaint is attached as **Exhibit A**.

2. Plaintiff alleges Rare Beauty violated Washington's Commercial Electronic Mail Act ("CEMA") and Washington's Consumer Protection Act ("CPA") when it sent marketing emails to Washington residents with allegedly false and misleading subject lines. Compl. ¶ 2. Plaintiff also names as defendants five "Doe Licensees" that she alleges "create[d] and transmit[ted] the promotion emails" at issue. *Id.* ¶ 10. Plaintiff seeks injunctive relief, statutory and treble damages for each email, attorneys' fees, and costs. *Id.* ¶¶ 5, 55.

3. Plaintiff attempted to serve the Complaint on Rare Beauty on December 3, 2025, by delivering it to a security guard at a multi-unit, multi-story building housing Rare Beauty's offices in El Segundo, California. Decl. of Mehdi Mehdi ("Medhi Decl.") ¶¶ 3-5. The security guard who received the Complaint was neither employed by Rare Beauty, nor authorized to accept service on behalf of Rare Beauty. *Id.* ¶ 4. Thus, this attempted service was not effective under the laws of Washington.[1] Service upon a foreign business entity is governed by RCW 23B.15.100, which incorporates RCW 23.95.450. Because service has not yet been properly effected, the time to remove has not yet begun, and removal is therefore timely. *McLeod v. AMICA Gen. Agency*, No. C15-839RAJ, 2015 WL 13145350, at *2 (W.D. Wash. Oct. 29, 2015) (holding that time to remove was not triggered by ineffective service and explaining that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue. . . . Therefore, this Court looks

---

[1] *See Edwards v. Tacoma Gen. Hosp.*, No. 33582–4–II, 2006 WL 2412008, at *4 (Wash. Ct. App. Aug. 22, 2006) (unpublished) (finding purported service on a building security guard inadequate).



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

at Washington state law to see if and when Defendant was properly served, thereby triggering the removal clock.") (citation modified).

4. Even if Rare Beauty was properly served—and it was not—this Notice is timely under 28 U.S.C. §§ 1446(b) and 1453 because it is filed within 30 days of Plaintiff's attempted service upon Rare Beauty.

## II. GROUNDS FOR REMOVAL

5. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the District Courts of the United States have original jurisdiction over it pursuant to CAFA. *See* 28 U.S.C. §§ 1332(d), § 1453(b).

6. CAFA gives federal courts original jurisdiction over class actions in which: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) the parties are minimally diverse, meaning, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

### A. The Putative Class Is Comprised of More than 100 Members

7. To establish jurisdiction under CAFA, the putative class action must have at least 100 members. 28 U.S.C. § 1332(d)(5)(b). Plaintiff asserts that "there are at least one hundred Washington residents" who received the allegedly misleading emails. Compl. ¶ 34. By Plaintiff's own allegations, this element is met.

### B. The Aggregate Amount in Controversy Exceeds $5,000,000

8. CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Where a class action complaint does not expressly



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

allege that more than $5,000,000 is in controversy, a defendant's notice of removal requires only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The allegations in the removing defendant's notice of removal may rely on "a chain of reasoning that includes assumptions" and "an assumption may be reasonable if it is founded on the allegations of the complaint." *Carlson v. Swift Transp. Co. of Ariz.*, No. 3:23-cv-05722-RJB, 2023 WL 6633858, at *4 (W.D. Wash. Oct. 12, 2023) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)). The notice of removal "need not contain evidentiary submissions." *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018).

9. Here, while Rare Beauty denies that this action is appropriate for class treatment, the amount in controversy for purposes of this notice exceeds $5,000,000 when Plaintiff's allegations are aggregated pursuant to 28 U.S.C. § 1332(d)(6). Plaintiff asserts that statutory damages accrue for each email sent in alleged violation of CEMA, and seeks $500 per allegedly violative email plus "trebling as allowed by RCW 19.86.090." Compl. ¶ 45 ("Each transmission of a false or misleading email constitutes a separate violation, entitling Plaintiff and the Class to $500 per email . . ."), ¶ 55 ("Plaintiff and the class are entitled to statutory and treble damages, injunctive relief, attorneys' fees, and costs under RCW 19.86.090"); *see also* Prayer for Relief at B.[2] Plaintiff also alleges that Rare Beauty has "thousands of customers in Washington," and that the emails sent in alleged violation of CEMA would "target hundreds or thousands of Washington residents." *Id.* ¶¶ 28-29. Further, the putative class includes all Washington residents who received one or more emails in alleged violation of CEMA within the past four years. *Id.* ¶ 31.

---

[2] Rare Beauty disputes that Plaintiff is entitled to any relief and does not concede that the proper measure of potential damages in a CEMA action is $500 per email, nor that treble damages are warranted.



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

10. Plaintiff alleges a four-year statutory period and a class of "thousands of customers in Washington." *Id.* ¶¶ 28-29, 31. She further alleges that she is typical of other members of the putative class, and her Complaint specifically identifies two allegedly misleading emails she has received since October 17, 2025. *Id.* ¶¶ 12-15, 35. During the statutory period, Rare Beauty has sent over 500 marketing emails nationwide. Mehdi Decl. ¶ 6. Of those emails, approximately 100 referenced a sale or limited time promotion. *Id.* Accordingly, Plaintiff's Complaint places in controversy well over $5,000,000 in statutory damages alone.[3]

11. Plaintiff also alleges she is entitled to attorneys' fees. Compl. ¶¶ 45, 55. These requested attorneys' fees further add to the total amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

**C. The Parties are Minimally Diverse**

12. CAFA's diversity requirement is met if the parties are "minimally diverse" meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2). For CAFA purposes, an unincorporated association is a citizen of the state where it has its principal place of business, and the state in which it is organized. 28 U.S.C. § 1332(d)(10).

13. Plaintiff asserts that she is a resident of Washington. Compl. ¶ 8.

14. Rare Beauty is a limited liability company organized under Delaware law with a principal place of business in California. Mehdi Decl. ¶ 2; *see also* Compl. ¶ 9.

15. Thus, at least one plaintiff is a citizen of a different state from Rare Beauty and CAFA's minimal diversity requirement is met. *See* 28 U.S.C. § 1332(d)(2).

---

[3] Under Plaintiff's theory of damages, statutory damages would amount to $1,500 per email multiplied by up to 500 emails sent to a putative class of more than 1,000 recipients, or $750,000,000. Even a conservative approach that only considers the 100 emails referencing a sale or limited time promotion results in an amount in controversy of $150,000,000.



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## III. CAFA'S EXCEPTIONS DO NOT APPLY

16. This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. § 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

17. Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class . . . is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two-thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Section 1332(d)(4) does not apply here because Rare Beauty is not a citizen of Washington, the state in which the action was originally filed.

18. Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues.

## IV. NOTICE

19. Pursuant to 28 U.S.C. § 1446(d), Rare Beauty will promptly serve on Plaintiff and file with the state court in which the action is pending a copy of this Notice of Removal.



**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## V. CONCLUSION

20. Although Rare Beauty denies Plaintiff's factual allegations and denies that she or the putative class she seeks to represent are entitled to any of the relief sought in the Complaint, the allegations in the Complaint plainly establish federal court jurisdiction under CAFA.

Dated: December 31, 2025

By: s/ *Lauren J. Tsuji*
Lauren J. Tsuji (Bar No. 55839)
LTsuji@perkinscoie.com

By: s/ *Thomas J. Tobin*
Thomas J. Tobin (Bar No. 55189)
TTobin@perkinscoie.com

By: s/ *Hannah E.M. Parman*
Hannah Parman (Bar No. 58897)
HParman@perkinscoie.com
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone +1.206.359.8000
Facsimile +1.206.359.9000

*Attorneys for Defendant Rare Beauty LLC*